UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JAMES ONIE MULLINS, #482360, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-38 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| GEORGE PRAMSTALLER, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint relates to the medical care he received from March 30, 2006 through May 31, 2007, while in the custody of the Michigan Department of Corrections (MDOC). Plaintiff seeks an award of monetary damages. Plaintiff named four defendants in his complaint: (1) George Pramstaller, former Director of the MDOC's Bureau of Health Care; (2) Craig Hutchinson, Director of Correctional Medical Services (CMS); (3) Badawi Abdellatif, M.D.; and (4) Shawn Griffin, R.N.

On April 21, 2008, defendant Pramstaller filed a motion for summary judgment. (docket # 14). The court entered an order advising plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to defendant Pramstaller's motion on or before May 20, 2008. (4/22/08 Order, docket # 16). Plaintiff elected not to file a response to defendant Pramstaller's motion for summary judgment.

On June 9, 2008, defendants Hutchinson and Abdellatif filed a Rule 12(b)(6) motion requesting dismissal of plaintiff's complaint. (docket # 21). The court entered its order notifying

plaintiff of his opportunity to file a response to defendants' motion on or before July 8, 2008. (6/10/08 Order, docket # 22). Plaintiff elected not to file a response.

For the reasons set forth herein, I recommend that defendants' motions (docket #'s 14, 21) be granted, and that plaintiff's claims against defendants Pramstaller, Hutchinson, and Abdellatif be dismissed with prejudice. I further recommend that all plaintiff's claims against defendant Shawn Griffin be dismissed without prejudice for failure to achieve service of process within the life of the court's summons.

**Applicable Standards**

A.     **12(b)(6) Standard**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008); *Ley v. Visteon Corp.*, No. 06-2237, 2008 WL 3905469, at * 2 (6th Cir. Aug. 26, 2008). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "In practice, a .

. . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Plaintiff elected to support his complaint with exhibits. I have considered plaintiff's exhibits in evaluating defendant's motion to dismiss, but this consideration does not convert the defendants' motion to dismiss into a motion for summary judgment. Documents attached to the complaint are considered part of the pleading itself for purposes of Rule 12(b)(6). *See* FED. R. CIV. P. 10(c); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."); *accord Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

**B.     Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces

"a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies because exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense.

C.    **Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 127 S. Ct. 910, 923 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 127 S. Ct. at 923. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not

dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 127 S. Ct. at 923-26.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 127 S. Ct. at 922-23. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective December 19, 2003),[1] sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. (*See* docket #15, Ex. 2). Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).

---

[1] On July 9, 2007, the MDOC amended Policy Directive 03.02.130. The earlier 2003 version of the policy directive was in effect at all times relevant to plaintiff's claims.

Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Davis v. Straub*, No. 1:07-cv-156, 2008 WL 696603, at * 5 (W.D. Mich. Mar. 13, 2008).

The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy. The Regional Health Administrator or his designee is the Step II respondent in grievances alleging inadequate medical care. *Id.* at ¶ FF. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the Step III respondent. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved in writing ...." *Id.*

A prisoner must pursue appeals of his grievance through Step III of the administrative process. An argument that it would have been futile to file a grievance does not suffice. Assertions

of futility do not excuse plaintiff from the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ( "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir.2004).

**Discussion**

**I.    Defendant Pramstaller**

Defendant Pramstaller seeks summary judgment on the ground that plaintiff did not properly exhaust his claims as required under the PLRA. Plaintiff filed two untimely grievances regarding his medical care. On June 14, 2006, plaintiff filed Grievance No. LRF 06-06-00710-12F (docket # 15, Ex. 1) complaining of the inadequacy of the medical care. Plaintiff identified the "date of the incident" as March 30, 2006. This grievance was rejected as untimely, and it eventually culminated in a Step III decision dated October 13, 2006, affirming the rejection plaintiff's grievance because it was untimely. (docket # 1, Ex. 1 at 9).

On August 23, 2007, plaintiff filed Grievance No. LRF 07-08-01328-28A against defendants Pramstaller, Hutchinson, and Adellatif. (docket # 15, Ex. 3). Plaintiff complained that the medical care he received during the period from April 7, 2006 through May 31, 2007, had been inadequate. This grievance was rejected at Step I because it was untimely. (docket # 1, Ex. 1 at 17). Plaintiff did not appeal the denial of this grievance.

The record before the court establishes beyond genuine issue that plaintiff did not properly exhaust his administrative remedies against defendant Pramstaller. He has therefore established his affirmative defense. I recommend that defendant Pramstaller's motion for summary judgment be granted.

## II.     Defendants Hutchinson and Abdellatif

Defendants Hutchinson and Abdellatif seek dismissal of plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New Eng. Health Care Employees Pension Fund v. Ernst & Young LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *see Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001); *accord J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 87 (6th Cir. 2007). MDOC's policy directives are matters of public record and can be considered by the court in connection with a Rule 12(b)(6) motion without converting the defendants' motion to dismiss into a motion for summary judgment. Defendants' Exhibit A is a copy of the July 9, 2007 version of Policy Directive 03.02.130. The December 19, 2003 version of Policy Directive 03.02.130 was in effect at all times relevant to plaintiff's claims. Accordingly, defendants' Exhibit A has been disregarded.[2]

Defendants' brief states, "Attached to Co-defendant George Pramstaller, D.O.'s Rule 56(b) motion for Summary Judgment as Exhibits 1 and 3 are the relevant MDOC grievance records for the grievances which Plaintiff pursued prior to filing his Complaint. Plaintiff's grievance records

---

[2] Defendants' Exhibits B, C, and D are unobjectionable because are they are copies of unpublished legal authorities rather than evidentiary material.

demonstrate that he has failed to properly exhaust his administrative remedies as to Defendants prior to filing suit." (Defendants' Brief at 5). Ordinarily, it would be error to for the court to consider exhibits submitted in support of a motion for summary judgment by one defendant in connection with a Rule 12(b)(6) motion filed by other defendants, without converting the motion to dismiss into a motion for summary judgment and providing notice to the parties of the conversion. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503-04 (6th Cir. 2006). However, plaintiff made grievances LRF 06-06-00710-12F and LRF 07-08-01328-28A and the related grievance responses exhibits to his complaint, and these documents are integral to plaintiff's claims. Accordingly, these exhibits can be considered by the court without converting defendants' motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c); *see also Commercial Money Center, Inc.*, 508 F.3d at 355-56; *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *Davis v. Caruso*, No. 07-cv-10115, 2008 WL 540818, at * 5 (E.D. Mich. Feb. 25, 2008).

For the reasons stated in Section I of this report and recommendation, I conclude that the record clearly supports the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). I recommend that the motion to dismiss by defendants Hutchinson and Abdellatif be granted.

### III.   Defendant Griffin

On March 6, 2008, the court entered its order for service of the summons and complaint. (3/6/08 Order, docket # 9). On April 10, 2008, the United States Marshals Service returned an unexecuted summons for defendant Shawn Griffin. (docket # 13). Nurse Griffin has never been served or otherwise appeared in this lawsuit. I recommend that all plaintiff's claims against defendant Shawn Griffin be dismissed for failure to achieve service within the life of the

court's summons. *See* FED. R. CIV. P. 4(m). This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, No. 07-1521, 2008 WL 2491620, at *6 (6th Cir. June 23, 2008).

### Recommended Disposition

For the reasons set forth herein, I recommend that the motion for summary judgment by defendant Pramstaller (docket # 14) and the Rule 12(b)(6) motion by defendants Hutchinson and Abdellatif (docket # 21) be granted, and that all plaintiff's claims against these defendants be dismissed with prejudice. I further recommend that all plaintiff's claims against the remaining defendant, Shawn Griffin, R.N., be dismissed without prejudice for failure to achieve service of process within the life of the summons under Rule 4(m) of the Federal Rules of Civil Procedure.


Dated:   September 23, 2008          /s/  Joseph G. Scoville
                                     United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).