UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ONIE MULLINS #129709, | Case No. 1:08-cv-38 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| GEORGE PRAMSTELLER *et al.*, | |
| Defendants. | |

**Order**

**Adopting the R&R without Objection;
Dismissing the Complaint as to Defendant Griffin for Failure to Effect Service of Process;
Dismissing the Complaint against the Other Defendants for Failure to Exhaust;
Terminating the Case;
Denying a Certificate of Appealability**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Scoville issued the R&R on Tuesday, September 23, 2008, and it was sent to plaintiff Mullins by regular U.S. mail on Wednesday, September 24, 2008. Mullins has not filed objections.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, FED. R. CIV. P. 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve

and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b).

For Mullins' sake, the court assumes that he did not receive the R&R until Wednesday, October 8, 2008, seven calendar days after it was mailed. Under FED. R. CIV. P. 6(a)(1), Walters' ten-day objection period did not start until the day after he received the R&R, i.e., Thursday, October 9, 2008. Day 2 was Friday, October 10.

The court calculates the ten-day period as prescribed by FED. R. CIV. P. 6(a)(2), excluding weekends and legal holidays. Thus, the court excludes Saturday, October 11, Sunday, October 12, and Monday, October 13 (Columbus Day). Days three through six ran from Tuesday, October 14 through Friday, October 17. The court excludes Saturday, October 18 and Sunday, October 19. Days seven through ten ran from Monday, October 20 through Thursday, October 23.

Finally, the court generously allows a full week between Mullins submitting the objection document to the prison authorities for mailing, and the objection arriving at the courthouse by regular U.S. mail. Under these assumptions, Walters' objections were due no later than Thursday, October 30, 2008.

In any event, the court finds the R&R to be well-reasoned. As noted by the R&R at 6-10, defendants Pramstaller, Hutchinson, and Abdellatif have carried their burden of asserting and proving the affirmative defense of failure to exhaust administrative remedies – in this case, the grievance procedures set forth in MDOC Policy Directive 03.02.130 (2003 version). Namely, both of Mullins' grievances regarding his medical care were properly rejected as untimely. "'There is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court.'" *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Jones v. Bock*, 549

U.S. 199, –, 127 S.Ct. 910, 918-19 (2007) (citation omitted)).

The Magistrate Judge also correctly determined that the complaint must be dismissed as to defendant Nurse Griffin because Mullins failed to effect service of process upon her during the life of the summons.  *See Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007) (affirming dismissal of claims against defendants who were not served within 120 days after filing the complaint) (citing FED. R. CIV. P. 4(m)).

## ORDER

Accordingly, having reviewed the complaint, defendant Pramstaller's motion for summary judgment, defendants Hutchinson and Abdellatif's motion to dismiss, and the R&R, and having received no opposition briefs or objections from the plaintiff, the court **ADOPTS** the R&R [doc. #27] without objection.

The complaint is **DISMISSED without prejudice** as to defendants Pramstaller, Hutchinson, and Abdellatif for failure to exhaust administrative remedies.

The complaint is **DISMISSED without prejudice** as to defendant Griffin for failure to effect service of process.

This dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See Jarvis*, 2008 WL 441391 at *3 and *Westbrook*,

2007 WL 3462337 at *4 (both citing *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997)).[1]

Further, a certificate of appealability **SHALL NOT ISSUE** from this court, because the plaintiff has not made "'a substantial showing of the denial of a federal constitutional right.'" *Taylor v. Sampson*, 2008 WL 2923435, *3 (W.D. Mich. July 25, 2008) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008) (Nos. 07-8520 & 07-8521)). "This is because [plaintiff] 'has not demonstrated that reasonable jurists could disagree with the district court's resolution of his constitutional claims' or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Taylor*, 2008 WL 2923435 at *3 (quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004))).

**IT IS SO ORDERED this 3rd day of November,  2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[1] *See also Matthews*, 2008 WL 205207 at *3 (Jonker, J.) (citing *McGore*); *Floyd*, 2008 WL 59167 at *1 (Neff, J.) (citing *McGore*); *Taylor*, 2007 WL 4557852 (Miles, J.) (citing *McGore*).